United States District Court
Southern District of Texas
**ENTERED**
September 25, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| JORGE CROSSWELL, *et al.*, § | |
| § | |
| Plaintiffs. § | |
| § | |
| V. § | CIVIL ACTION NO. 4:22-CV-01105 |
| § | |
| JUAN CARLOS MARTINEZ § | |
| CECIAS RODRIGUEZ, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## MEMORANDUM AND RECOMMENDATION

On August 28, 2023, all pretrial matters in this case were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). *See* Dkt. 33. Judge Edison filed a Memorandum and Recommendation on September 8, 2023, recommending that motions to dismiss (*see* Dkts. 19–21, 26) filed by Rhinopro Ceramics, LLC ("RPC"); Mara 6 Holdings, LLC; Mara 6 Investments, LLC; Juan Carlos Martinez Cecias Rodriguez ("Martinez"); Comar Holdings, LLC; and Cecilia Miranda ("Miranda") be **GRANTED** and those defendants dismissed from this lawsuit. *See* Dkt. 34. Judge Edison also recommended that the Court sua sponte dismiss Plaintiffs' claims against Rhino Linings Corporation ("Rhino Linings"), Karina Hernandez ("Hernandez"), RhinoPro Truck Outfitters, Inc. ("RPT Outfitters"), M&D Corporate Solutions, LLC ("M&D"), and Jennifer Anne Gleason-Altieri ("Gleason-Altieri") for failure to state a claim and additionally, with respect to the latter four of those defendants, failure to effectuate service in the required 90 days. *See id.*

On September 22, 2023, Plaintiffs filed their Objections. *See* Dkt. 35. In accordance with 28 U.S.C. § 636(b)(1)(C), this Court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* FED. R. CIV. P. 72(b)(3).

The Court has carefully considered the Objections; the Memorandum and Recommendation; the pleadings; and the record. The Court **ACCEPTS** Judge Edison's Memorandum and Recommendation and **ADOPTS** it as the opinion of the Court with one modification. Because service has been effectuated as to Hernandez and Gleason-Aliteri (*see* Dkts. 15, 16), dismissal as to Hernandez and Gleason-Altieri is granted solely on the basis of failure to state a claim.

The Court recognizes that Plaintiffs have attached their proposed First Amended Complaint and Jury Demand in an attempt to cure some of the deficiencies identified in Judge Edison's Memorandum and Recommendation. *See* Dkt. 34 at 15 (noting that Plaintiffs' "failure to apprise [the court] of what additional facts they would include in an Amended Complaint" dooms their request to amend). This is too little too late. "[I]ssues raised for the first time in objections to the report of a magistrate judge are not properly before the district judge." *Finley v. Johnson*, 243 F.3d 215, 219 n.3 (5th Cir. 2001). Moreover, Plaintiffs' proposed amended complaint does nothing to address one of the chief grounds for Judge Edison's recommendation that Plaintiffs not be given another opportunity to amend their complaint—Plaintiffs' "failure to cure deficiencies by previous

amendments" and "undue delay." *See* Dkt. 34 at 15 (quotation omitted). As Judge Edison notes, the Docket Control Order gave Plaintiffs until November 1, 2022 to amend their pleadings.[1] *See* Dkt. 18. The motions to dismiss were filed on September 13, 2022, *see* Dkts. 19–21, and October 7, 2022. *See* Dkt. 26. Thus, Plaintiffs had ample time to cure the deficiencies alleged in the motions to dismiss and simply chose not to do so.

It is therefore **ORDERED** that:

(1) Judge Edison's Memorandum and Recommendation (Dkt. 34) is **MODIFIED** to reflect that dismissal as to Hernadez and Gleason-Altieri is granted solely on the basis of failure to state a claim (and not also for failure to effectuate service); and

(2) Judge Edison's Memorandum and Recommendation (Dkt. 34), modified as stated above, is **APPROVED AND ADOPTED** as the holding of the Court; and

(3) Defendants' Motions to Dismiss (Dkts. 19–21, 26) are **GRANTED**; and

(4) Plaintiffs' claims against Rhino Linings, RPT Outfitters, M&D, Hernandez, and Gleason-Altieri are **DISMISSED** sua sponte.

SIGNED and ENTERED this 25th day of September 2023.

_____
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Judge Edison vacated the Docket Control Order on May 31, 2023, long after the motions to dismiss were filed and after the amended pleadings deadline had passed.